FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 22, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| P.S., a minor child, by and through JENNIKA HILL, her parent and guardian,<br><br>   Plaintiffs,<br><br>   v.<br><br>GRAND COULEE DAM SCHOOL DISTRICT,<br><br>   Defendant. | No. 2:21-CV-00266-SAB<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 24. A hearing on the motion was held on June 15, 2023, in Spokane, Washington. Plaintiffs were represented by Ken Miller and Andrew Chase. Defendant was represented by Mary Rathbone.

Plaintiff P.S., a female minor, was assaulted by another female student at Lake Roosevelt High School, which is in the Grand Coulee Dam School District (GCDSD). She received cuts and bruises on her face and experienced concussion symptoms. She believes she was a victim of discrimination based on her race (white) and on her gender, and her injuries were caused by the discrimination and negligence of Defendant. Plaintiff and her mother are suing the GCDSD, seeking

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT;
DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE ~ 1**

$1,000,000 in damages plus attorneys' fees.

In response to Defendant's Motion for Summary, Plaintiffs conceded that several of their claims can be dismissed. The parties agree that the remaining claims are: (1) Title VI claim for racial discrimination; (2) Washington Equal Education Opportunity Law (EEOL) claim; and (3) negligence claim.

Defendant moves for summary judgment on these three claims. Because the Court finds that summary judgment is appropriate for Plaintiffs' Title VI claim, it declines to exercise supplemental jurisdiction over the remaining state law claims. Those claims will be dismissed without prejudice.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE ~ 2**

motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Background Facts

The following facts are presented in the light most favorable to Plaintiffs, the non-moving party.

In September 2019, Plaintiff P.S., who is white, was a freshman in science class at Lake Roosevelt High School, when Yvonne, a Native American student, came up from behind, pulled Plaintiff to the ground by her hair, and began hitting and kicking her. Rather than intervene, the teacher stood by and told the girls to stop. Other students came to the rescue of Plaintiff. As she walked out of the class to go to the school nurse, she saw her ex-boyfriend standing in the doorway. A few students videotaped the fight, and it circulated around the Internet.

After the incident, Plaintiff called her mom, and her stepdad took her to the hospital where Plaintiff was treated. Her mom remained at the school. The police were called, and Yvonne was arrested. Plaintiff returned to school the next day but experienced PTSD and anxiety while attending school.

Yvonne plead guilty to Fourth Degree Assault. She was allowed to return to school after three or four weeks. Plaintiff's ex-boyfriend Brandon was suspended from school but only for one day.

A few months later, a note was left in Plaintiff's locker, which Plaintiff interpreted to be a threat. The word "neph" had been written on the note along with a stick figure drawing that was lying down. The note caused her to be upset and cry. She reported the note to school officials. She also called her mom. Her mom wanted the school officials to call the police, but the cameras in the hallway where Plaintiff's locker was located were not working so school officials were not able to identify who gave Plaintiff the note.

Plaintiff continued to attend school at Lake Roosevelt, although it was

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT;
DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE ~ 3**

difficult for her, and she missed some school because of her anxiety. There were times when she called her mom to pick her up from school. Because Plaintiff continued to run into Yvonne, especially in the bathroom after fifth period, school officials came up with a Student Support Plan. Plaintiff was able to eat lunch in a separate room or leave campus at lunch, she could use the staff bathroom, and she was allowed to leave class early (fifth period) so she could use the bathroom before classes got out. Plaintiff states that Yvonne would skip class sometime to be in the bathroom, even when she left early.

Once COVID hit, Plaintiff did not attend in-person school for the remainder of the year. She returned to in-person school sometime during her sophomore year. She began Running Start her junior year, so she did not attend in-person school at Lake Roosevelt for her junior and senior years.

### Title VI of the Civil Rights Act of 1964

Title VI prohibits intentional discrimination in federally funded programs. 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 280-81 (2001). Intentional discrimination may be established through a showing of deliberate indifference. *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1034 (9th Cir. 1998). When a district is deliberately indifferent to its students' right to a learning environment free of racial hostility and discrimination, it is liable for damages under Title VI. *Id.*

Here, although not clear, it appears that Plaintiffs are attempting to hold Defendant accountable for student-to-student racial harassment, as well as holding Defendant accountable for discriminatory actions it took in response to the incident where Plaintiff was assaulted. Each will be addressed in turn.

Allegations of student-to-student racial harassment are actionable under Title IV. *Monteiro*, 158 F.3d at 1033. To establish a claim for student-to-student harassment, Plaintiffs must show: (1) there is a racially hostile environment; (2) the school district has notice of the problem; and (3) it failed to respond adequately to

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT;
DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE ~ 4**

redress the racially hostile environment.[1] *Id.* As the Circuit noted, "an alleged harasser need not be an agent or employee of the recipient because this theory of liability under Title VI is premised on a recipient's general duty to provide a nondiscriminatory educational environment." *Id.* (quotation omitted).

      A racially hostile environment is one where racial harassment is "severe, pervasive or persistent so as to interfere with or limit the ability of an individual to participate in or benefit from the services, activities, or privileges provided by the recipient." *Id.* Stated another way, it is one that is "so severe, pervasive, and objectively offensive, and that so detracts from the victims' educational experience, that the victims are effectively denied equal access to an institution's resources and opportunities." *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 652 (1999) ((discussing the standard for harassment claims under the analogous Title IX framework).

---

[1] Title IX allegations against a school that arise from student-on-student- sexual harassment or assault must establish five elements: (1) the school must have exercised substantial control over both the harasser and the context in which the known harassment occurred; (2) the plaintiff must have suffered harassment that is so severe, pervasive, and objectively offensive that it can be said to deprive the plaintiff of access to the educational opportunities or benefits provided by the school; (3) a school official with authority to address the alleged discrimination and to institute corrective measures on the schools behalf must have had actual knowledge of the harassment (4) the school must have acted with deliberate indifference to the harassment, such that the school's response to the harassment or lack thereof was clearly unreasonable in light of the known circumstances; and (5) the school's deliberate indifference must have subject the plaintiff to harassment. *Karasek v. Regents of Univ. of Calif.*, 956 F.3d 1093, 1105 (9th Cir. 2020).

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT;
DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE ~ 5**

Once on notice of a racial problem at a school, a school district has a legal duty to take reasonable steps to eliminate a racially hostile environment. *Monteiro*, 158 F.3d at 1034. A school district can be liable under Title VI when it is "deliberately indifferent" to its students' right to a learning environment free of racial hostility and discrimination. *Id.* Deliberate indifference can be shown where the need for intervention was so obvious, or if inaction was so likely to result in discrimination, that it can be said to have been deliberately indifferent to the need. *Id.* (citation omitted).

In *Monterro*, the Ninth Circuit held that allegations that African American students attended a school where they were called "niggers" by while children, and where that term was written on the walls of the buildings where they were supposed to learn civics and social studies were sufficient to allege a racially hostile environment. *Id.* at 1034. ("It does not take an educational psychologist to conclude that being referred to by one's peers by the most noxious racial epithet in the contemporary American lexicon, being shamed and humiliated on the basis of one's race, and having the school authorities ignore or reject one's complaints would adversely affect a Black child's ability to obtain the same benefit from schooling as her white counterparts."). Similarly, allegations that African American children experienced a pattern of racial abuse and students and parents complained about it to administrators at the school and district were sufficient to meet the notice requirement. Finally, allegations of a pattern of egregious public racial harassment including the use of the epithet "nigger," that Black students and their parents complained but were rebuffed, and that nothing was ever done about the problem were sufficient to show deliberate indifference on the part of the school district. *Id.* ("It goes without saying that being called a "nigger" by your white peers (or hearing that term applied to your Black classmates) exposes Black children to a "risk of discrimination" that is so substantial and obvious that a failure to act can only be the result of deliberate indifference.).

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT;
DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE ~ 6**

The Ninth Circuit considers the deliberate indifference standard "a fairly high standard"; a "negligent, lazy, or careless" response will not be considered deliberately indifferent. *Karasek v. Regents of Univ. of Calif.*, 956 F.3d 1093, 1105 (9th Cir. 2020) (considering the deliberate indifferent standard in a Title IX claim).

The court must consider all the evidence and look to the "totality of the relevant facts" to determine whether the defendant has engaged in intentional discrimination. *Yu v. Id. State Univ.*, 15 F.4th 1236, 1242 (9th Cir. 2021).

**Analysis**

Plaintiffs, who are white, are suing Defendant because they believe Defendant discriminated against Plaintiff P.S. on account of her race. Plaintiffs have not produced sufficient facts for their Title VI claim to survive summary judgment. It is well understood that occasional or isolated incidents are not enough to show a hostile environment unless the incident is extremely severe. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Brooks v. City of San Mateo*, 229 F,3d 917, 925 (9th Cir. 2000).

In support of their argument that a racially hostile environment existed at Lake Roosevelt High School, Plaintiffs rely on the deposition of Mark Vinciguerra, the teacher who was in the classroom when the assault took place, to argue that a racially hostile environment existed at Lake Roosevelt High School prior to and at the time P.S. was assaulted. In his deposition, he stated he had heard racial terms being directed toward Black students, swastikas being written or painted on the school building, and derogatory terms being directed toward Native students. He also stated that he observed disagreements within the student body that were based on racial differences, specifically there were students that advocated white supremacy. P.S. stated that Native students referred to white students as "nephs," which according to P.S. means whites are inferior to Natives, who referred to themselves as "unc" or "uncle."

These facts do not establish that P.S. experienced a racially hostile

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE ~ 7**

environment. Disagreements within the student body that were perceived to be based on racial differences does not mean that P.S. herself experienced a racially hostile environment. To do so, Plaintiffs would have to show P.S. was subjected to severe harassment or discrimination on account of her race, that is, because she was white. There is no evidence in the record for a reasonable jury to find that P.S. was subjected to a racially hostile environment. Additionally, even if one concludes that white students, including P.S., experienced a racially hostile environment at Lake Roosevelt High School, there is nothing in the record that any of the students, including P.S., complained to the school district that they believed they were being harassed or discriminated against because of their race. Consequently, a reasonable jury could not find that the school district was deliberately indifferent to the alleged discrimination against white students where it was not put on notice that such discrimination was occurring.

In sum, summary judgment is appropriate on Plaintiffs' Title VI claim because no reasonable jury could find that P.S. experienced a racially hostile environment at Lake Roosevelt High School or that school officials were deliberately indifferent to any perceived racial harassment or discrimination. The Court declines to exercise supplemental jurisdiction over the remaining state claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibb*, 383 U.S. 715, 725-26 (1966).

//
//
//
//
//
//
//
//

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE ~ 8**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, ECF No. 24, is **GRANTED**, in part.

2. Defendant Vinciguerra's Motion for Summary Judgment, ECF No. 21, is **STRICKEN**.

3. The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiffs on Plaintiffs' Title VI claim.

4. Plaintiffs' EEOL claim and negligence claim are **dismissed** without prejudice.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to counsel, and **close** the file.

**DATED** this 22nd day of June 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE ~ 9**